UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
          :

D&G GROUP, S.R.I.,         :

                    :

             Plaintiff,   :

                    :      14-CV-2850 (TPG)

       – against –       :

                    :      **OPINION**

H.A. IMPORT USA *et al.*,   :

                    :

            Defendants.  :

                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Italian company D&G Group, SRI brings this breach of contract action against American company HA. Import USA, Inc. and individually named defendant Pasquale Morello. The claims arise under state law and the United Nations Convention on Contracts, which the United States has ratified.

      Defendant Morello, proceeding pro se, moves to dismiss the complaint, arguing that plaintiff inflated the amount in controversy in order to satisfy the requirements for diversity jurisdiction. For the following reasons, defendant Morello's motion to dismiss the complaint is denied.

Factual Allegations

      Plaintiff D&G Group, SRI is an Italian company with its principal place of business in Italy. Compl. ¶ 4. Defendant HA Import, USA, Inc. is a United States corporation with its principal place of business in California. Compl. ¶ 5. Defendant Morello is a resident of New York State.

Compl. ¶ 6. From November of 2012 until April of 2013, defendants ordered food products from plaintiff to be shipped from Italy to New York City. Compl. ¶ 10. Defendants agreed to pay plaintiff the value of the goods, which were "worth more than $86,000." Compl. ¶ 10. Defendant Morello contracted with plaintiff individually and "never asserted that he was merely acting as an officer of HA Import USA, Inc." Compl. ¶ 13.

In August of 2012, defendant Morello tendered partial payment for the goods by personal check in the amount of $10,000. Compl. ¶14. In January of 2014, plaintiff submitted a letter to defendants demanding payment for an outstanding balance of $96,521.29. Compl. ¶ 15. Defendants have refused to tender payment on the outstanding principal balance and have not offered to return the goods. Compl. ¶¶ 16–17. Plaintiff brings suit for breach of contract pursuant to Article 74 of the United Nations Convention on Contracts for the International Sale of Goods and pursuant to New York law. Compl. ¶¶ 18–25. Plaintiff seeks $96,521.29 plus interest. Compl. at 4.

Defendant Morello moves to dismiss the action for lack of subject matter jurisdiction, arguing that the amount in controversy is less than $75,000. Dkt. # 7.

## Discussion

Defendant moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the case for lack of subject matter jurisdiction. In deciding a motion to dismiss pursuant to Rule 12(b)(1), the court will accept the

factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

As to the motion, one basis of federal jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. The amount in controversy must exceed $75,000. Id. § 1332(a). Federal courts also have jurisdiction over treaty matters. Federal courts have jurisdiction over all civil actions arising under the treaties of the United States. 28 U.S.C. § 1331. The United Nations Convention on Contracts for the International Sale of Goods ("CISG") is a multilateral treaty between several sovereign states, including the United States and the Italian Republic. Delchi Carrier SPA v. Rotorex Corp., 71 F.3d 1024, 1028 (2d Cir. 1995). The CISG provides a private right of action enforceable in federal court. Id., see also Hanwha Corp. v. Cedar Petrochemicals, Inc., 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011). Among other things, the CISG provides for damages where there is a breach of contract involving the sale of goods. CISG art. 74, *reprinted in* 15 U.S.C. App.

Finally, 28 U.S.C. § 1367 provides federal courts with "supplemental jurisdiction" over state law claims "forming the same case or controversy" as claims over which the federal courts otherwise have jurisdiction. 28 U.S.C. § 1367. Claims will "'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir.2004)).

Defendant Morello's motion to dismiss should be denied because plaintiff has shown two grounds for federal court jurisdiction in this matter. First, plaintiff has correctly invoked this court's diversity of citizenship jurisdiction. The complaint alleges, and the court accepts as true, that the parties in this case are citizens of the Italian Republic (plaintiff), the State of California (defendant HA Import, USA, Inc.), and the State of New York (defendant Morello). Thus, there is complete diversity of citizenship among them. Moreover, the complaint alleges an amount in controversy of $96,521.29.

Second, plaintiff brings its breach of contract claims pursuant to both the United Nations Convention on Contracts, and also pursuant to state law. Because federal courts have jurisdiction over all civil actions arising under the treaties of the United States, plaintiff has successfully invoked this court's jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff also asserts a valid claim under state contract law. The court has supplemental jurisdiction over the state law claim because it shares a common nucleus of operative facts to the treaty law claim. Thus, even if diversity jurisdiction were lacking, as defendant argues, this court has subject matter jurisdiction over the case by virtue of the treaty-law claim and supplemental jurisdiction over the state-law claim.

- 4 -

Defendant Morello moves to dismiss this action claiming that plaintiff "inflated the invoice in question so that they can place a lawsuit in federal court." Dkt. 7 at 2. Defendant also argues that the amount in controversy should be reduced by $14,000 to reflect a down payment he made. Dkt. # 7 at 2. The claim of "inflated invoice" has no substance aside from the allegation regarding the $14,000. Moreover, even if the court were to apply this $14,000 deduction, the amount in controversy would still be $82,521.29, in excess of the amount required for diversity jurisdiction. Thus, plaintiff has adequately invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Conclusion

For the reasons given above, defendant's motion to dismiss this action is denied. This opinion resolves the item listed as document number seven in this case.

SO ORDERED

Dated: New York, New York
February 18, 2015

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/15