UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

D&G GROUP, S.R.I.,

                        Plaintiff,                    14 Civ. 2850

   -against-                                OPINION

H.A. IMPORTS USA, INC. and PASQUALE
MORELLO, individually,

                        Defendants.

------------------------------------------X

A P P E A R A N C E S:

        <u>Attorneys for Plaintiff</u>

        Law Office of Costantino Fragale
        575 White Plains Road
        Eastchester, NY 10709
        By:  Constantino Fragale, Esq.


        <u>Pro Se</u>

        PASQUALE MORELLO
        23 Beverly Court
        Northport, NY 11768

**Sweet, D.J.**

D&G Group, S.R.I. ("D&G" or the "Plaintiff") has moved pursuant to Rule 56, F. R. Civ. P. for summary judgment against defendants H.A. Imports USA, Inc. ("H.A. Imports") and Pasquale Morello ("Morello") (collectively, the "Defendants"). As set forth below, the motion is granted in part, and denied in part.

**Prior Proceedings**

The complaint alleging non-payment for goods sold and delivered was filed April 22, 2014 and assigned to the Honorable Thomas P. Griesa. Morello filed his answer *pro se* on July 31, 2014. H.A. Imports was served on January 1, 2015 following a scheduling order filed on December 17, 2014 by the Honorable Michael H. Dolinger.

A certificate of default as to H.A. Imports was entered on January 22, 2015. Discovery was completed and dispositive motions were ordered to be filed by July 1, 2015. The instant motion was filed on that date. The affidavit in opposition was filed by Morello on November 17, 2015.

The action was reassigned on January 15, 2016, and the motion was marked submitted on February 4, 2016.

**The Facts**

The Plaintiff's Rule 56.1 Statement of Undisputed Facts set forth its version of the transaction which involved the shipment of goods from D&G in Italy to the Defendants in New York for part payment, and alleges that the contract at issue was entered into by Morello individually. (Pltf. Statement ¶ 9).

Morello, pro se, has not filed a statement as required by Local Rule 56.1 but his affidavit of November 17, 2015 denied his individual liability and asserts that he was acting solely as an agent of H.A. Imports, that he did not make any part payment nor accepted any of the goods, and that the goods were rejected.

**The Summary Judgment Standard**

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such

2

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine issue of material fact</u>." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

3

**Summary Judgment against H.A. Import is Granted**

The Plaintiff has obtained a certificate of default by H.A. Import which has not appeared or opposed the instant motion. Summary judgment is appropriate.

**Summary Judgment against Morello is Denied**

The affidavit of Morello has disputed the Plaintiff's Statement of Undisputed Facts with respect to his role in the transaction, acceptance of the goods, payment and the condition of the goods. This factual dispute bars summary judgment. *KSW Mechanical Services v. Johnson Controls, Inc.*, 992 F.Supp.2d 135, 142-147 (E.D.N.Y. 2014); *RIJ Pharmaceutical Corp. v. Ivax Pharmaceuticals, Inc.*, 322 F.Supp.2d 406, 413 (S.D.N.Y. 2004); *Sherkate Sahami Khass Rapol (Rapol Const. Co.) v. Henry R. Jahn & Son, Inc.*, 701 F.2d 1049, 1051-52 (2d Cir. 1983).

**Conclusion**

The Plaintiff's motion for summary judgment against H.A. Import is granted. Submit judgment on notice.

The Plaintiff's motion for summary judgment against Morello is denied.

It is so ordered.

**New York, NY**
**May 26, 2016**

_____
ROBERT W. SWEET
U.S.D.J.

5